1

2

3

4

5                     **UNITED STATES DISTRICT COURT**

6                        EASTERN DISTRICT OF CALIFORNIA

7

8   KEN BURKE,                              CASE NO. 1:10-cv-01584-LJO-SKO PC

                         Plaintiff,         FINDINGS AND RECOMMENDATIONS
9                                           RECOMMENDING DEFENDANTS'
        v.                                  MOTIONS TO DISMISS BE GRANTED IN
10                                          PART AND DENIED IN PART
    A. ENENOH, et al.,
11                                          (Docs. 15 and 22)
                         Defendants.
12                                          THIRTY-DAY OBJECTION PERIOD
                                        /
13

14        **Findings and Recommendations Addressing Motions to Dismiss**

15  **I.        Procedural History**

16        Plaintiff Ken Burke, a state prisoner proceeding pro se and in forma pauperis, filed this civil

17  rights action pursuant to 42 U.S.C. § 1983 on September 1, 2010.  This action for damages is

18  proceeding on Plaintiff's verified complaint against Defendants Juarez and Enenmoh for violation

19  of the Eighth Amendment arising out of the disruption in the delivery of Plaintiff's prescribed

20  Lamotrigine doses.[1]  28 U.S.C. § 1915A.  (Docs. 8 and 10.)

21        On December 27, 2011, Defendant Juarez filed a motion to dismiss for failure to exhaust the

22  available administrative remedies and for failure to state a claim.  42 U.S.C. § 1997e(a); Fed. R. Civ.

23  P. 12(b).  Plaintiff filed an opposition on January 20, 2012, and Defendant Juarez filed a reply on

24  January 26, 2012.[2]

25

    _____

26        [1] Defendant Enenmoh was incorrectly identified as Enenoh in the complaint.

27
          [2] Plaintiff was provided with notice of the requirements for opposing a motion to dismiss for failure to
28  exhaust in an order filed on October 18, 2011.  Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003).  (Doc.
    12-2.)

                                          1

1    On April 25, 2012, Defendant Enenmoh filed a substantially similar motion to dismiss for

2 failure to exhaust and for failure to state a claim.  Plaintiff filed an opposition on May 7, 2012, and

3 Defendant Enenmoh filed a reply on May 11, 2012.  The motions have been submitted upon the

4 record pursuant to Local Rule 230(l).  For the reasons set forth below, the Court recommends that

5 the motions be granted as to the dismissal of Plaintiff's claim for mental and emotional injury and

6 denied on all other grounds.

7 **II.     Motions to Dismiss for Failure to State a Claim**

8    **A.     Legal Standard**

9    To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted

10 as true, to state a claim that is plausible on its face.  Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct.

11 1937 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007))

12 (quotation marks omitted); Conservation Force v. Salazar, 646 F.3d 1240, 1241-42 (9th Cir. 2011);

13 Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The Court must accept the well-

14 pleaded factual allegations as true and draw all reasonable inferences in favor of the non-moving

15 party.  Daniels-Hall v. National Educ. Ass'n, 629 F.3d 992, 998 (9th Cir. 2010); Sanders v. Brown,

16 504 F.3d 903, 910 (9th Cir. 2007); Huynh v. Chase Manhattan Bank, 465 F.3d 992, 996-97 (9th Cir.

17 2006); Morales v. City of Los Angeles, 214 F.3d 1151, 1153 (9th Cir. 2000).  Further, although the

18 pleading standard is now higher, the Ninth Circuit has continued to emphasize that prisoners

19 proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed

20 and to have any doubt resolved in their favor.  Wilhelm v. Rotman, __ F.3d __, __, No. 11-16335,

21 2012 WL 1889786, at *5 (9th Cir. May 25, 2012); Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir.

22 2012); Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted).

23    **B.     Plaintiff's Eighth Amendment Medical Care Claim**

24       **1.     Introduction**

25    Plaintiff is proceeding on an Eighth Amendment medical care claim, which requires that he

26 show deliberate indifference to his serious medical needs.  Jett v. Penner, 439 F.3d 1091, 1096 (9th

27 Cir. 2006) (citing Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 295 (1976)) (quotation marks

28 omitted).  The two-part test for deliberate indifference requires Plaintiff to show (1) a serious

1  medical need by demonstrating that failure to treat his condition could result in further significant

2  injury or the unnecessary and wanton infliction of pain, and (2) the defendant's response to the need

3  was deliberately indifferent. Jett, 439 F.3d at 1096 (quotation marks and citation omitted).

4        Defendants argue that they are entitled to dismissal of Plaintiff's claim because Plaintiff fails

5  to allege a causal connection between them and the injury complained of, Plaintiff fails to allege they

6  acted with deliberate indifference, and Plaintiff fails to allege a physical injury to support a

7  compensatory damages claim for mental and emotional injury.

8        The Court previously screened Plaintiff's complaint and, in a thorough, detailed order,

9  explained the basis for its findings that Plaintiff stated a claim against Defendants Juarez and

10  Enenmoh.  28 U.S.C. § 1915A; Docs. 8, 10.  The screening standard is the same standard which

11  governs Rule 12(b)(6) motions, Watison, 668 F.3d at 1112, and therefore, in cases which have been

12  screened, the Court generally views motions to dismiss for failure to state a claim with disfavor.

13  Unless a motion sets forth new or different grounds not previously considered by the Court, it is

14  disinclined to "'rethink what it has already thought.'" Sequoia Forestkeeper v. U.S. Forest Service,

15  No. CV F 09-392 LJO JLT, 2011 WL 902120, at *6 (E.D.Cal. Mar. 15, 2011) (quoting United States

16  v. Rezzonico, 32 F.Supp.2d 1112, 1116 (D.Ariz.1998)).  For the reasons which follow, the Court is

17  not persuaded to depart from its prior screening order.

18        **2.**     **Discussion**

19        Plaintiff's claim arises from the alleged ongoing disruption in the delivery of his prescription

20  medication Lamotrigine and in its screening order, the Court stated:

21       Here, the Court finds that Defendants Enenmoh and Juarez are adequately linked to
     Plaintiff's claim regarding the Lamot[ri]gine.  Defendant Enenmoh is the Chief

22       Medical Officer and Defendant Juarez is the Chief Psychiatrist, and they responded
     to Plaintiff's inmate appeals regarding his missed dosages. Ordinarily, involvement

23       in addressing a prisoner's administrative appeal will not provide a basis for liability,
     George v. Smith, 507 F.3d 605, 609 (7th Cir. 2007), but in this instance, Defendants

24       were aware of the interruptions to Plaintiff's prescription medication and as health
     care administrators at the prison level, they cannot turn a blind eye to the ongoing

25       violation of Plaintiff's rights, Jett, 439 F.3d at 1098.

26       The disruption to Plaintiff's medication is particularly well-documented in one
     appeal response.  It is unclear if the specific dates set forth represent the missed

27       dosages or the delivered dosages.  If they are the delivered dosages, as it appears,
     Plaintiff was off his medication far more often than he was on it, a situation which

28       cannot be ignored by Defendants.  Other appeal responses can be described, at best,

1   as vague and non-responsive to the specific issue of the failure to keep Plaintiff
    supplied with a medication that was prescribed for him.[3]

2

3   (Doc. 8, Screening Order, 4:17-5:2.)

### a.   Objective Element

4

5   In his complaint, Plaintiff alleges that staff repeatedly failed to provide him with Lamotrigine,

6   a mood-stabilizing medication which had been prescribed for him.  Plaintiff alleges that he needs

7   the prescription to function normally and that the missed doses cause him to suffer side effects

8   including severe anxiety and anguish.  At the pleading stage, that is sufficient to support the

9   existence of a serious medical need.  Lopez v. Smith, 203 F.3d 1122, 1131 (9th Cir. 2000).

### b.   Subjective Element

10

11  Regarding the subjective element, Defendants Juarez and Enenmoh responded to two inmate

12  appeals filed by Plaintiff regarding the missed doses.[4]  The first appeal was submitted on August 29,

13  2009, and it placed the prison on notice that Plaintiff was not consistently being provided with his

14  Lamotrigine doses.  (Comp., court record pp. 10-19.)  On September 20, 2009, Plaintiff submitted

15  the appeal to the first formal level of review, noting that the problem still existed and he should not

16  ever miss a dose.  On December 20, 2009, Plaintiff submitted the appeal to the second level of

17  review, noting once again that the problem of missed doses still existed.  On February 8, 2010,

18  Defendant Enenmoh, Chief Medical Officer, partially granted Plaintiff's appeal at the second level

19  of review as Plaintiff's prescription was current through March 23, 2010, and was being dispensed

20  through MD order.

21  On January 25, 2010, Plaintiff filed a second appeal which again placed the prison on notice

22  that Plaintiff was not being provided with all of his Lamotrigine doses.  (Id., pp. 20-30.)  The

23  informal level of appeal was bypassed and in a response dated March 12, 2010, Defendant Juarez

24  partially granted Plaintiff's appeal at the first formal level of review.  On March 30, 2010, Plaintiff

25      [3] In one appeal response, Plaintiff was informed that his medication must now be approved on a case-by-
26  case basis. (Comp., pp. 23-24.) Plaintiff was, however, approved for receipt of the medication and the missed doses
    were not addressed in the appeal. (Id.)  At the next level, a general turnaround of the pharmacy system was
27  described and the issue of Plaintiff's missed doses was again unaddressed. (Id., pp. 25-27.)

28      [4] Plaintiff's complaint was accompanied by exhibits which Plaintiff incorporated by reference and which the
    Court considered in determining whether Plaintiff stated a claim.  Fed. R. Civ. P. 10(c).

1   submitted the appeal to the second level of review, stating that he is not complaining about a one-

2   time denial of medication and that the prison healthcare system is failing him and causing him to

3   suffer.

4          Thus, Plaintiff's claim arises not from an isolated incident in which he was not given his

5   Lamotrigine dose, but from an ongoing, systematic failure resulting in the non-delivery of his

6   prescribed medication.  In such a situation, the basis for liability is not *respondeat superior* but the

7   failure of higher-level officials to take action despite being on notice of the alleged violation.  Starr

8   v. Baca, 652 F.3d 1202, 1206-07 (9th Cir. 2011); Jett, 439 F.3d at 1098; see also Snow v. McDaniel,

9   __ F.3d __, __, No. 10-16951, 2012 WL 1889774, at *8 (9th Cir. May 25, 2012) (warden and

10   associate warden not entitled to summary judgment in light of evidence that they were aware of

11   grievances regarding inappropriate medical treatment and other documents relating to medical

12   issues).

13          While Defendants granted Plaintiff's inmate appeals in part, neither appeal response actually

14   addressed and purported to rectify the crux of Plaintiff's medical complaint, as noted in the screening

15   order, which is summarized above.  Plaintiff alleges that his prescription was kept updated by Dr.

16   Burdick and his complaint does not suggest that the missed doses were caused by the failure of

17   prison physicians to keep the prescription updated.  (Comp., court record p. 5, ¶7 & p. 22.)  As a

18   result, partially granting Plaintiff's first appeal at the second level to the extent that Plaintiff's "order

19   is current until 03/23/10 and is being dispensed per MD order," and partially granting Plaintiff's

20   second appeal at the first level to the extent that Plaintiff was "provided a thorough response" do not

21   foreclose Plaintiff's claim against Defendants, which is based on their knowledge of an ongoing

22   violation of his right to medical care.[5]  (Id., pp.16 & 24.)

23          Finally, Defendant Juarez argues that it would have been impossible for him to have been

24   involved in or have had knowledge of the disruptions, as his review of Plaintiff's appeal occurred

25   ───────────────

26   [5] Defendants citation to Fleming v. Allen, No. C 07-2338 CW (PR), 2009 WL 2215956, at *3 (N.D. Cal.
    Jul. 23, 2009) does not persuade the Court otherwise.  The Court is not bound by the decisions of other district
27   courts, but in any event, the district court in Fleming acknowledged that "[u]nder certain circumstances, it may be
    that a prison grievance reviewer who becomes aware of an unmet serious medical need on the part of an inmate and
28   who acts with deliberate indifference could be held liable for a civil rights violation."  Id.  It is that situation which
    the Court finds is presented here.

5

1   seven months after the first disruption and two months after the second disruption.  (Motion, 9:20-

2   16:  (quotation marks omitted).)  However, the Court did not then nor does it now read Plaintiff's

3   complaint as narrowly limited to the two series of interruptions identified in the appeals.  Rather,

4   Plaintiff is alleging an ongoing, systematic problem regarding the delivery of his prescription

5   medication doses.  If Plaintiff never missed another dose of  Lamotrigine after he filed his second

6   appeal, Defendant Juarez may be entitled to judgment as a matter of law upon such proof, but the

7   Court does not read Plaintiff's complaint as so limited at the pleading stage.

8          In conclusion, although Plaintiff's complaint is not artfully pled, construing it liberally and

9   affording Plaintiff the benefit of any doubt, the complaint states a claim against Defendants Juarez

10  and Enenmoh under the Eighth Amendment, as the Court previously found.  Wilhelm, __ F.3d at __,

11  2012 WL 1889786, at *5; Watison, 668 F.3d at 1112; Hebbe, 627 F.3d at 342.  Therefore, the Court

12  recommends that Defendants' motions to dismiss for failure to state a claim be denied.

### 3.      Claim for Mental and Emotional Injury

14         Defendants also argue that Plaintiff's compensatory damages claim for mental and emotional

15  injury should be dismissed because he does not allege the requisite physical injury.

16         The Prison Litigation Reform Act (PLRA) provides that "[n]o Federal civil action may be

17  brought by a prisoner confined in jail, prison, or other correctional facility, for mental and emotional

18  injury suffered while in custody without a prior showing of physical injury."  42 U.S.C. § 1997e(e).

19  The physical injury "need not be significant but must be more than *de minimis*."  Oliver v. Keller,

20  289 F.3d 623, 627 (9th Cir. 2002).  The physical injury requirement applies only to claims for mental

21  or emotional injury and it does not bar claims for compensatory, nominal, or punitive damages which

22  are not premised on mental or emotional injury.  Id. at 630.

23         Plaintiff does not allege in his complaint nor does he argue in his oppositions that as a result

24  of the missed doses of Lamotrigine, he suffered any *physical* injury.[6]  Therefore, Plaintiff is

25  precluded from seeking compensatory damages for mental and emotional injury and the Court

26

27         [6] Although Plaintiff alleges in his complaint that he suffered a stroke and he mentions his stroke history in
28  his oppositions, Plaintiff claimed that he had a stroke following the disruption in his Coumadin prescription and that
    claim was previously dismissed from the action.  (Doc. 10.)

6

1   recommends that Defendants' motions to dismiss, to the extent such is sought by Plaintiff, be

2   granted.

### C.   Qualified Immunity

#### a.   Legal Standard

5   Defendants argue that they are entitled to qualified immunity, which shields government

6   officials from civil damages unless their conduct violates "clearly established statutory or

7   constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457

8   U.S. 800, 818, 102 S.Ct. 2727 (1982). "Qualified immunity balances two important interests - the

9   need to hold public officials accountable when they exercise power irresponsibly and the need to

10  shield officials from harassment, distraction, and liability when they perform their duties

11  reasonably," Pearson v. Callahan, 555 U.S. 223, 231, 129 S.Ct. 808 (2009), and it protects "all but

12  the plainly incompetent or those who knowingly violate the law," Malley v. Briggs, 475 U.S. 335,

13  341, 106 S.Ct. 1092, 1096 (1986).

14  In resolving a claim of qualified immunity, courts must determine whether, taken in the light

15  most favorable to the plaintiff, the defendant's conduct violated a constitutional right, and if so,

16  whether the right was clearly established. Saucier v. Katz, 533 U.S. 194, 201, 121 S.Ct. 2151

17  (2001); Mueller v. Auker, 576 F.3d 979, 993 (9th Cir. 2009). While often beneficial to address in

18  that order, courts have discretion to address the two-step inquiry in the order they deem most suitable

19  under the circumstances. Pearson, 555 U.S. at 236, 129 S.Ct. at 818 (overruling holding in Saucier

20  that the two-step inquiry must be conducted in that order, and the second step is reached only if the

21  court first finds a constitutional violation); Mueller, 576 F.3d at 993-94.

#### b.   Clearly Established Right

23  Having determined that Defendants' conduct violated the Eighth Amendment, the Court must

24  now determine whether the right was clearly established.

25  "For a constitutional right to be clearly established, its contours must be sufficiently clear that

26  a reasonable officer would understand that what he is doing violates that right." Hope v. Pelzer, 536

27  U.S. 730, 739, 122 S.Ct. 2508 (2002). While the reasonableness inquiry may not be undertaken as

28  a broad, general proposition, neither is official action entitled to protection "unless the very action

1    in question has previously been held unlawful." Hope, 536 U.S. at 739.  "Specificity only requires

2    that the unlawfulness be apparent under preexisting law," Clement v. Gomez, 298 F.3d 898, 906 (9th

3    Cir. 2002) (citation omitted), and prison personnel "can still be on notice that their conduct violates

4    established law even in novel factual circumstances," Hope, 536 U.S. at 741.  The salient question

5    is whether the state of the law in 2010 gave Defendants fair warning that their alleged treatment of

6    Plaintiff was unconstitutional.  Hope, 536 U.S. at 741 (quotation marks omitted).

7            A prisoner's right to medical care has long been established, Estelle, 429 U.S. at 104-05, and

8    by 2010, it was certainly clearly established that prison administrators are deliberately indifferent

9    when they knowingly fail to respond to an inmate's requests for help and a reasonable official would

10   have known that he could not ignore or disregard an inmate's claim that he was repeatedly being

11   denied doses of medication prescribed for him by a prison physician, Jett, 439 F.3d at 1098;

12   Clement, 298 F.3d at 906.  What the evidence will show remains to be seen, but under the

13   circumstances as alleged in the complaint, Defendants are not entitled to qualified immunity.

14   Therefore, the Court recommends that Defendants' motions to dismiss on the ground of qualified

15   immunity be denied.

16   **III.    Motions to Dismiss for Failure to Exhaust**

17           **A.      Legal Standard**

18           Pursuant to the PLRA, "[n]o action shall be brought with respect to prison conditions under

19   [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other

20   correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C.

21   § 1997e(a).  Prisoners are required to exhaust the available administrative remedies prior to filing

22   suit.  Jones v. Bock, 549 U.S. 199, 211, 127 S.Ct. 910 (2007); McKinney v. Carey, 311 F.3d 1198,

23   1199-1201 (9th Cir. 2002).  Exhaustion is required regardless of the relief sought by the prisoner and

24   regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741, 121 S.Ct. 1819

25   (2001), and the exhaustion requirement applies to all suits relating to prison life, Porter v. Nussle,

26   435 U.S. 516, 532, 122 S.Ct. 983 (2002).

27           The failure to exhaust in compliance with section 1997e(a) is an affirmative defense under

28   which Defendants have the burden of raising and proving the absence of exhaustion.  Jones, 549 U.S.

1    at 216; Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003).  The failure to exhaust is subject to

2    an unenumerated Rule 12(b) motion; in resolving the motion, the Court may look beyond the

3    pleadings and decide disputed issues of fact.  Morton v. Hall, 599 F.3d 942, 945 (9th Cir. 2010);

4    Wyatt, 315 F.3d at 1119-20.  If the Court concludes that Plaintiff has failed to exhaust, the proper

5    remedy is dismissal without prejudice.  Jones, 549 U.S. at 223-24; Lira v. Herrrera, 427 F.3d 1164,

6    1175-76 (9th Cir. 2005).

7         **B.    Discussion**

8         There is no dispute that Plaintiff exhausted inmate appeal numbers SATF 33-09-15190 and

9    SATF 33-10-10391 prior to filing suit.  (Comp., court record pp. 10-30.)  Those appeals grieved the

10   denial of, or the disruption in the delivery of, Plaintiff's prescription medication Lamotrigine.  (Id.)

11   Defendants argue that they are nonetheless entitled to dismissal of the claim against them because

12   the appeals filed by Plaintiff failed to put the prison on notice as to Defendants' shortcomings or

13   involvement.

14        An appeal "suffices to exhaust a claim if it puts the prison on adequate notice of the problem

15   for which the prisoner seeks redress."  Sapp v. Kimbrell, 623 F.3d 813, 822-23 (9th Cir. 2010).

16   "[T]he prisoner need only provide the level of detail required by the prison's regulations," and during

17   the relevant time period, "[t]he California regulations require[d] only that an inmate describe the

18   problem and the action requested."  Id. (citations and internal quotation marks omitted).  While the

19   standard provides a low floor, it advances the primary purpose of a grievance, which is to notify the

20   prison of a problem.  Griffin v. Arpaio, 557 F.3d 1117, 1120 (9th Cir. 2009) (quotation marks and

21   citations omitted).  Thus, Plaintiff's appeals sufficed if they alerted the prison to the nature of the

22   wrong for which redress is now sought.  Sapp, 623 F.3d at 824 (quotation marks omitted).

23        While Defendants, citing to Jones, 549 U.S. at 219, acknowledge that the failure to name

24   them in the appeal does not necessarily render exhaustion per se inadequate, they argue that

25   Plaintiff's specificity in naming five nurses, a pill nurse, the pharmacy, and Dr. Burdick deprived the

26   prison of notice as to any misconduct by them, as they were not identified by name or position.

27        The Court rejects this narrow construction of the exhaustion requirement.  Plaintiff was not

28   required in his appeals "to identify responsible parties or otherwise signal who may ultimately be

1   sued." <u>Sapp</u>, 623 F.3d at 824.  The relevant prison regulation required Plaintiff only to describe the

2   problem, and Plaintiff's two inmate appeals described the problem and alerted the prison to the

3   nature of the wrong for which redress now is sought: the ongoing problem with the disruption in

4   Plaintiff's receipt of his prescription medication doses.  <u>Sapp</u>, 623 F.3d at 824 (citing <u>Griffin</u>, 557

5   F.3d at 1120) (quotation marks omitted); <u>Rowe v. Dep't of Corr.</u>, No. 1:06-cv-01171-LJO-SMS PC,

6   2010 WL 5071015, at *1 (E.D. Cal. Dec. 7, 2010); <u>cf.</u> <u>McCollum v. California Dep't of Corr. &</u>

7   <u>Rehab.</u>, 647 F.3d 870, 876 (9th Cir. 2011) (while inmates' grievances provided notice the failure to

8   provide for certain general Wiccan religious needs and free exercise, they were not sufficient to place

9   prison on notice that the chaplaincy-hiring program itself was the problem); <u>Morton</u>, 599 F.3d at 946

10  (appeal grieving prison's decision to deny visitation with minors did not place prison on notice of

11  the plaintiff's claim that staff conduct contributed to a prior assault on him by inmates).  Therefore,

12  the Court finds that Plaintiff exhausted his Eighth Amendment medical care claim arising from the

13  missed Lamotrigine doses.

14  **IV.     Recommendation**

15       For the reasons set forth above, the Court HEREBY RECOMMENDS that Defendant

16  Juarez's motion to dismiss, filed on December 27, 2011, and Defendant Enenmoh's motion to

17  dismiss, filed on April 25, 2012, be GRANTED in part and DENIED in part as follows:

18       1.     Defendants' motions to dismiss Plaintiff's claim for failure to state a claim upon

19              which relief may be granted under section 1983 be DENIED;

20       2.     Defendants' motions to dismiss Plaintiff's claim for emotional and mental injury, if

21              such relief is sought, be GRANTED; and

22       3.     Defendants' motions to dismiss Plaintiff's claim for failure to exhaust the available

23              administrative remedies be DENIED.

24       These Findings and Recommendations will be submitted to the United States District Judge

25  assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30)**

26  **days** after being served with these Findings and Recommendations, the parties may file written

27  objections with the Court.  The document should be captioned "Objections to Magistrate Judge's

28  Findings and Recommendations."  The parties are advised that failure to file objections within the

1  specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d

2  1153 (9th Cir. 1991).

3

4

5

6  IT IS SO ORDERED.

7  **Dated:      June 19, 2012**                                              /s/ Sheila K. Oberto
                                                            UNITED STATES MAGISTRATE JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

11