# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEN BURKE, | CASE NO. 1:10-cv-01584-LJO-SKO PC |
| Plaintiff, | ORDER DENYING MOTION FOR CHANGE OF VENUE AND TO STRIKE REPLY |
| v. | (Docs. 35 and 38) |
| A. ENENOH, et al., | |
| Defendants. | |

## I. Introduction

Plaintiff Ken Burke, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on September 1, 2010. This action for damages is proceeding against Defendants Enenmoh and Juarez for violation of the Eighth Amendment arising out of the disruption to Plaintiff's Lamotirgine prescription.

On February 21, 2013, Plaintiff filed a motion seeking a change of venue. Defendants filed an opposition on March 13, 2013, Plaintiff filed a reply on April 11, 2013, and Defendants filed a motion to strike the reply on April 12, 2013. On April 22, 2013, Plaintiff filed a surreply and an opposition to Defendants' motion to strike.

The events at issue in this action occurred at California Substance Abuse Treatment Facility and State Prison in Corcoran, and Plaintiff is currently incarcerated at California Institution for Men (CIM) in Chino, where he is serving two life terms. In part, Plaintiff states that he resides in CIM's hospital outpatient unit, where inmates are provided nursing care twenty-four hours a day, seven days a week. Plaintiff's left side is paralyzed, he has had four strokes and two heart attacks in the past ten years, he suffers from Parkinson's Disease, and he is confined to a wheelchair or his bed. Plaintiff also suffers from bipolar disorder; has mood swings, including anger, frustration, and depression; and suffers from severe migraines necessitating the use of sunglasses. Further, due to

Plaintiff's custody status and health problems, not all of which have been summarized herein, he requires high security housing and a special medical transport if he is to be transported anywhere. As a result of these issues, Plaintiff seeks an interdistrict transfer of this case to the Central District of California.

Defendants oppose the motion on the ground that the transfer would not be convenient for the parties and witnesses or in the interest of justice.

**II.      Discussion**

      **A.      Motion for Change of Venue**

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). "Weighing of the factors for and against transfer involves subtle consideration. . . ." *Ventress v. Japan Airlines*, 486 F.3d 1111, 1118 (9th Cir. 2007).

This action was properly brought in this judicial district, where the events occurred and where both defendants reside. 28 U.S.C. § 1391(b); Opp., Doc. 36, Enenmoh Dec. & Juarez Dec. That Plaintiff, who chose this forum, is now moving for a change of venue is unusual, but regardless, Plaintiff's medical issues do not support a change in venue, and Defendants' opposition to any change is noted.

Accepting that Plaintiff has very serious medical issues which will require accommodation should he be required to appear for trial, such concerns are premature. This case has been and will continue to be litigated upon the written record until and unless it is set for trial, and as a result, Plaintiff's ability to litigate is not dependent upon where the case is pending. Local Rule 230(l). Should this matter be set for jury trial, the Court can and will determine at that time what accommodations are necessary to facilitate Plaintiff's ability to prosecute his case in light of his medical issues. Plaintiff's motion for a change of venue is therefore denied.

      **B.      Settlement**

With respect to Plaintiff's statement that he is open to settlement, that is an issue he must raise with Defendants. If all parties are amenable to having a settlement conference, the Court will

set one.

**C.     Motion to Strike Reply**

Finally, Defendants' motion to strike Plaintiff's reply is denied.  Defendants' reliance on Federal Rule of Civil Procedure 12(f) is misplaced; the reply at issue is not a pleading.  Fed. R. Civ. P. 7(a), 12(f); *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885-86 (9th Cir. 1983). Notwithstanding that deficiency, "[m]otions to strike are disfavored and infrequently granted," *Neveu v. City of Fresno*, 392 F.Supp.2d 1159, 1170 (E.D.Cal. 2005), and the relief sought is markedly disproportional to the offense committed.  The Court is capable of determining the relevancy of the evidence submitted, and the inclusion of irrelevant but minimal discovery by a pro se litigant cannot and does not justify striking the reply in its entirety.  The Court's admonition that parties may not file discovery with the Court, set forth in the First Informational Order and cited by Defendants, is intended to protect the record from being unnecessarily burdened by often-voluminous evidence not relevant to any proceeding; it is not intended to be used as a tactical maneuver to prevent the merits-based consideration of the opposing party's entire filing.

**III.    Order**

Based on the foregoing, it is HEREBY ORDERED that:

1.    Plaintiff's motion for a change of venue, filed on February 21, 2013, is DENIED; and

2.    Defendants' motion to strike Plaintiff's reply, filed on April 12, 2013, is DENIED.

IT IS SO ORDERED.

Dated:   **May 8, 2013**              /s/  Lawrence J. O'Neill
                                   UNITED STATES DISTRICT JUDGE